Good afternoon. I am Clay Finley representing Cyndi Harter. This is an appeal of an Attorney's Fee Award under the Individuals with Disabilities Education Act. And because a lot of people aren't familiar with how this act works, it's somewhat unique in that there's a state hearing officer that makes the initial decision in the case and then that can be appealed to the United States District Court. And that's what happened in this case. Ms. Harter prevailed at the state administrative proceeding. The school district appealed. Ms. Harter also prevailed in the appeal to district court. And then we moved for attorney's fees. And I'd like to begin. We've got two issues. The first is Ms. Harter initially presented her request for fees. She presented only her request for fees at work at the administrative level before the state hearing officer. And the district court cut her fee for that work in half. After that, Ms. Harter moved for attorney's fees for her work defending the hearing officer's decision on appeal and for seeking fees. And the district court found that motion untimely. And we are also appealing that decision. So I'll begin with the court's decision to slash our fee request in one half. Ms. Harter requested 215 hours and the court gave her 106 hours. And I'm going to – this is a quote from Hensley B. Eckerhart that's in our brief as well in an abbreviated fashion. But when I was rereading the case, it seemed to me that this pretty much identifies the issue here. And in the Hensley case, you might recall, the issue was if you just achieve partial success, how should we determine what the fee should be? And the court on 461 U.S. 436 going on to 437, the court says there is no precise rule or formula for making these determinations. And this is the deduction based on the results obtained. The district court may attempt to identify specific hours that should be eliminated or it may simply reduce the award to account for the limited success. In this case, we think the court improperly did the latter of those. The court just decided, I'm going to reduce it by 50%. The problem with that in this case is this is not a case where we had limited success. We obtained complete relief. And before the district court, the school district even asked the court to reduce the award based on the results obtained. And the district court refused to do that. So we believe it is now the law of the case that the attorney's fee in this case cannot be reduced based on the results obtained. Under those circumstances, the only thing we believe the court can do is what the court said here. The district court may attempt to identify specific hours that should be eliminated. That's what the district court did not do in this case. Rather, the court just said generally we think some of this billing is excessive. The council spent too much time on briefing, our meeting with clients, and I'm going to cut the fee 50%. We believe that was an abuse of discretion and unreasonable and inconsistent with the law. On your law of the case argument, did the district court conclude that your client prevailed in full? Yes. Where is that? Well, that goes back to part of the confusion in the case. The district court specifically said Ms. Harder is the prevailing party at the administrative level. And that goes to the next issue. Why, when we submitted our initial request, why did we just request fees at the administrative level? And that's the reason why, because that order, we believe, was ambiguous as to what exactly fees we were going to be entitled to at that point. And yesterday, I filed a 26-J letter with the court that we were going to raise the case of Brittany Obey, the Bentonville School District. And I think if you read that case, it stands for the proposition that an IDEA attorney's fees claim becomes ripe when the time for appeal has run. So the hearing officer makes his decision. The attorney's fee claim is not ripe at that point. It's only when the 90 days for filing an appeal has run that that claim becomes ripe. If you follow that logic into the district court, the district court issues its opinion. The school district would have 30 days to appeal that decision. So following Brittany O, the district court's decision would not be final until the appeal time had run. Even so, the district court, within 14 days of its order, directed us to file a petition for attorney's fees, noting specifically that at the beginning of the opinion, we had filed a claim for attorney's fees at the administrative level, which is all we had prevailed on at that point. And then second, when he identified us as the prevailing party, he said we were the prevailing party at the administrative level. So when we filed our petition for attorney's fees, we filed it and asked for our fees at the administrative level. So we believe that was a plausible construction, maybe a misconstruction of the district court's order, but it was certainly excusable neglect for not filing our fee petition as the district court maybe anticipated that we would. Well, you know, one other problem here is that on the attorney's fees for the trial portion, you may not have technically violated Federal Rule of Civil Procedure 54D2BI, but you violated the spirit of it. The intent is when you win, you have 14 days to file a fee application from the judgment. Now, I'm presuming in this case I haven't gone back and looked, and I will at some point, that the judgment was not entered until the final fee award was entered. But in a typical lawsuit, if you're the prevailing party in an employment discrimination case and you win, you've got 14 days to file your fee application. I don't understand why she didn't file it within 14 days after the order, regardless of what the district judge said, because that's what Rule 54 says you're supposed to do. Well, Brittany O. says our claim is not ripe until 30 days after the district court has entered judgment. But that's not what the Federal Rules say. Well, your claim may not be right, but we're talking about a fee application. And one of the reasons we do that is because we want to be able to consolidate the fee application with the merits of the case if they both come up before us. We don't want a merits determination and a fee application in a separate appeal two years later. Well, I would say the district court could have been more clear in its order in directing us to file all of our fee requests. We were working with the fact that the district court said specifically you are the prevailing party at the administrative level. And we also had the Brittany O. decision telling us that our claim wasn't ripe. So the only claim that we thought we could submit at that point was the one the court had specifically found us to be the prevailing party on, and that was at the administrative level. I would like to reserve the balance of my time. Very well. Thank you. Good morning or afternoon, Your Honors. If it may please the court, my name is Cody Keyes, and I represent the Parris School District in Parris, Arkansas. While they are named after the capital of France, I've been there, and I can assure you there's no resemblance. It's a small school district, and I'm proud to represent them today in regards to this matter. To answer your question, Judge Grunder, the district court did reverse on one point, and that was the hearing officer in the underlying administrative due process proceeding found that the school district had inadequately trained its employees, and the district court reversed on that particular point to answer that question. If I could take point one, which is the fee petition. Again, I know lawyers should never discuss math openly, but I would say that appellant has not contested the reduction of the fee from $350 an hour to $250. By their own concession in their brief, they've conceded that the reduction of $13,956 was proper, which leaves us with the argument of hours. Appellant submitted 215 hours, which was cut by the district court. I would submit that this panel would rely on fires. The Heber Springs 2014 case that the panel likely knows, and Judge Grunder served on that panel, and that was a case involving appellant's counsel in a school-related matter where she took a 1983 action where a student had been expelled from school. She took that to federal court in front of the Honorable Brian Miller. It was a four-day trial. She did win on the merits of her case. She received nominal damages, $1, yet she did prevail on the merits. She requested $57,225. Judge Miller reduced that award to $10,000. Again, by my poor math, that's an 82% reduction. It was appealed to this court. The three-judge panel upheld as long as the court can show that it considered the lodestar, then that is all that the court has to do. In that particular case, it was even conceded that the district court did not do a line-by-line of each fee to show which hours were excessive or unreasonable. They just considered it as a whole. In that case, the judge looked at three particular issues to determine that it was excessive. Applying fires, which is directly on point to the case here, we know from the district court's order on fees that he considered no less than six reasons to reduce the fee. First of all, he does a de novo review of the entire administrative record, so we know that the judge was able to see the due process record and the arguments of counsel. The court determined that seven days of a due process hearing, where you're literally sitting at a conference table in a superintendent's office and the rules of civil procedure and evidence are quite lax. You're in front of a non-lawyer who's hearing this. He found seven days was excessive given the facts at issue and determined that it should have taken half that time. He was relying on the Arkansas Department of Education rules 10.01.32, which I've cited for you, and they state that generally a due process hearing should take no longer than three days and should be done as soon as possible to expedite the process for the child. So considering that, he determined that seven days was too long, and it was more than half the time that was needed. He also determined that 16 witnesses called by the parent was excessive. And I also would note that he mentioned that seven days was more than most federal cases that he saw. So considering that, we know that the district court in this particular case did apply the load start, and pursuant to fires, that is all that is required. I'd also like to discuss with you the case of Gilbert v. Little Rock, an Eighth Circuit case, 1989, where this court held that the trial court should weigh the hours claimed against his or her knowledge, experience, and expertise of the time that is required. Here, the district court did that when he applied the load start. I also provided you in the record evidence that this particular district court judge has had no less than seven similar cases, IDEA, Individuals with Disabilities Education Act, with this particular attorney. So I think it's fair to say that they're quite familiar with each other and that he knows the trial court knew IDEA cases and was able to make that determination that this fee petition was simply excessive. I would also point to the intent of Congress, just as it was raised in the briefs. The intent of the statute, IDEA, is to resolve these matters as quickly as possible. There's built-in rules stating that the parties must have a resolution conference. It's required, and in fact, the attorneys cannot charge for the resolution conference, which seems to suggest that Congress wanted to provide parents with relief at the least expense possible. With these IDEA cases, the student continues to be in school, so they continue to have what are called IEP meetings, their Individual Education Program conferences. So you're constantly working with the school. The intent of the statute is to promote an expeditious resolution to the underlying proceeding, and that was, of course, seen here when Judge Holmes held, excuse me, when the district court held that it was excessive. On point two of the petition, which is that appellants counsel submitted a separate fee petition, I would just note the timeline. The due process proceeding made its way through the administrative hearing, and then on September 29th of 2015, appellants filed their case. Actually, I take that back. The Pierce School District filed their appeal in district court, and a final judgment was entered April 3rd, 2017, some year and a half later. So there was a great span of time. So I don't think it was abuse of discretion for the trial court to state in its order, which was a final order, to brief the issue of fees, that his order tracked the federal rule 54, which says within 14 days fees should be briefed. And since we had had this huge time span from the administrative hearing as to when the finality of the district court came to conclusion, it would obviously be very reasonable that the fee petition was ready. The local rule was cited by the appellant as a potential exception, and the local rule for the eastern and western districts, 54.1, says that in addition to the 14 days that a party must submit a petition for fees after judgment, in the event of a post-trial motion, the 14-day period shall not commence. The appellant has argued that the fee petition is a post-trial motion. I think it's very hard to interpret that as being the intent. I think the post-trial motion in that regard would be something like a motion for reconsideration or a motion for new trial that would toll the fees. But in this case, the fees were ripe to be presented, and that was what the order called for. If the panel has no questions, that concludes the district's argument. Very well. Thank you. I'd like to begin with there was one small issue that the district court did reverse, the hearing officer related to the training, but that did not change the relief we were provided. Also, the quote that I began with from Hensley is what distinguishes the fires case. Because in the fires case, that was a case where the results obtained did not justify a full fee. That's not this case. That distinguishes this case. Under those circumstances, just as the Supreme Court said in Hensley, there is no precise rule or formula for deducting where you don't obtain complete relief. We obtain complete relief. Fires doesn't apply. He mentions the Gilbert, and this is a real problem I have with the court. One of the things he picked out was excessive time meeting with the client. Now, there's lots of talk in these cases about billing judgment, using billing judgment. We're only supposed to bill. We can't recover for time not properly billed to the client. Well, if I was in private practice and I spent all this time meeting with my client, I can certainly bill my client for that time. To eliminate time for meeting with client, I think, crosses the line. That's unreasonable and an abuse of discretion. You can say they spent too much time on a brief, and you can specifically take that time out. If it was four hours and you think they should have spent two hours, go ahead and take that out. But you can apply just this across-the-board reduction. And then, like I said, I think the example of excessive time meeting with client is unreasonable on its face. That's time that you could always bill to the client. I think going back to the issue of the one fee request, again, you have to put this in context. The Brittany O case was a case that involved this same lawyer, Teresa Caldwell. This is imminently and first and foremost on her mind, that decision. She's trying to follow that decision. The reason I wanted to bring that up is it came up in discussions of another case. When do we file our fee petition? We're struggling with that issue, and it would be great to get some guidance from this court on that. Thank you. Very well. We appreciate your arguments today. The case will be submitted and decided in due course.